

NUMBER 13-09-00189-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

RICARDO RENDON,                                                        Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

### On appeal from the 214th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Justices Yañez, Rodriguez, and Garza
### Memorandum Opinion Per Curiam

Appellant, Ricardo Rendon, was convicted of possession of cocaine. On March 18, 2009, appellant filed a notice of appeal by and through his attorney. The trial court's certification of the defendant's right to appeal shows that the defendant does not have the right to appeal. *See* TEX. R. APP. P. 25.2(a)(2).

On April 15, 2009, this Court notified appellant's counsel of the trial court's certification and ordered counsel to: (1) review the record; (2) determine whether appellant

has a right to appeal; and (3) forward to this Court, by letter, counsel's findings as to whether appellant has a right to appeal, or, alternatively, advise this Court as to the existence of any amended certification. The Court did not receive a response to the order, but received appellant's motion to dismiss which failed to comply with the appellate rules. *See* TEX. R. APP. P.42.2. The Court requested that appellant file an amended motion to dismiss. When an amended motion to dismiss was not received, the Court abated and remanded the case to the trial court for a hearing to determine why counsel failed to comply with this Court's order.

On November 24, 2009, the trial court held a hearing. Appellant's counsel indicated that the appellant did not wish to pursue the appeal and stated that a motion to dismiss would be filed. An amended motion to dismiss was never filed with this Court. Accordingly, this Court abated the appeal and remanded a second time. At that hearing, the trial court found that the appellant waived his right to appeal.

Although appellant's motion to dismiss is not in compliance with Rule 42.2(a) of the Texas Rules of Appellate Procedure, based upon appellant's expressed desire to forego pursuit of his appeal, as evidenced by his written waiver of appeal, we conclude that good cause exists to suspend the signature requirement of Rule 42.2(a). *See* TEX. R. APP. P. 2. Appellant's motion to dismiss is GRANTED. Accordingly, we dismiss the appeal.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).
Delivered and filed the
15th day of April, 2010.

2